UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LISA C. DURAN,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

Defendant.

No. 2:15-cv-1607 DB

ORDER AND FINDINGS AND RECOMMENDATIONS

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1] Plaintiff's motion challenges, generally, the ALJ's treatment of the medical opinion evidence and the Vocational Expert's testimony. For the reasons explained below, plaintiff's motion should be denied, defendant's cross-motion should be granted, and the decision of the Commissioner of Social Security ("Commissioner") should be affirmed.

PROCEDURAL BACKGROUND

In February of 2011, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), alleging disability beginning on

[1] Plaintiff is proceeding pro se in this action and has not consented to Magistrate Judge jurisdiction.

November 15, 2007. (Transcript ("Tr") at 16, 190-98.) Plaintiff's application was denied initially, (id. at 90-94), and upon reconsideration. (Id. at 95-100.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on June 20, 2013. (Id. at 34-71.) Plaintiff was not represented by an attorney at the administrative hearing but did testify.[2] (Id. at 33-34.) In a decision issued on January 10, 2014, the ALJ found that plaintiff was not disabled. (Id. at 27.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since February 7, 2011, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following medically severe combination of impairments: a history of lymphedema first diagnosed in 2007; a history of seborrheic keratosis; and pediculosis capitis (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except the claimant can climb, balance, stoop, kneel, crouch and crawl only occasionally.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on September 4, 1961 and was 49 years old, which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).
>
> 7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

[2] The ALJ had postponed the administrative hearing on three prior occasions to allow plaintiff an opportunity to secure representation. (Tr. at 35.)

> 10. The claimant has not been under a disability, as defined in the Social Security Act, since February 7, 2011, the date the application was filed (20 CFR 416.920(g)).

(Id. at 18-27.)

On May 21, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's January 10, 2014 decision. (Id. at 5-7.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 27, 2015. (ECF No. 1.)

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically

> determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

### A. Medical Opinion Evidence

In her motion for summary judgment, plaintiff argues that prior to her appearance at the June 20, 2013 hearing, plaintiff "requested a Subpoena of past attending physicians," that "the Subpoenas were never exacted, and subsequently the treating Physician's testimonials were never heard." (Pl.'s MSJ (ECF No. 19) at 4.[3]) Although the undersigned is cognizant of the challenges faced by those proceeding without counsel, "[t]he claimant bears the burden of proof in the first four steps of the sequential evaluation process." Bowen, 482 U.S. at 146 n. 5. In this regard, the ALJ's decision cannot be faulted for plaintiff's failure to produce evidence. In fact, plaintiff stated at the June 20, 2013 administrative hearing that her doctor "refused to fill out the medical capacity form . . . ." (Tr. at 35.)

It is true that "[i]n Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001). "When the claimant is unrepresented, however, the ALJ must be especially diligent in exploring for all the relevant facts." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). Nonetheless, "[a]n

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes, 276 F.3d at 459-60. Here, the record appears to be neither ambiguous nor inadequate.

Before the Appeals Council, plaintiff challenged the ALJ's treatment of the medical opinion evidence.[4] (Pl.'s MSJ (ECF No. 19) at 13-15.) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

**1) Dr. Ravi Gogna**

Before the Appeals Council, plaintiff "disagree[d]" with the ALJ's treatment of the May 3, 2011 opinion of Dr. Ravi Gogna. (Pl.'s MSJ (ECF No. 19) at 13.) The ALJ's decision

[4] It appears plaintiff wishes to incorporate the arguments she raised before the Appeals Council in her motion for summary judgment. (Pl.'s MSJ (ECF No. 19) at 3-4.)

discussed Dr. Gogna's opinion stating:

> At the request of this Agency, the claimant underwent a comprehensive internal medicine evaluation on May 3, 2011, with Ravi Gogna, M.D. Dr. Gogna diagnosed the claimant with lymphedema by history and no evidence of edema at the time of examination. Dr. Gogna opined that per the claimant's history she could not stand more than a half hour at a time, but could stand up to six hours a day with frequent breaks. She had no sitting limitations. She could lift and carry fifty pounds occasionally and twenty five pounds frequently.

(Tr. at 23.)

The ALJ found Dr. Gogna's opinion to be "overall consistent with the evidence in the record as a whole, as well as the reported findings and observations of Dr. Gogna." (Id.) However, the ALJ gave little weight to Dr. Gogna's finding that plaintiff "could not stand more than a half hour at one time." (Id.) In this regard, the ALJ noted that the finding appeared "to be based upon the subjective reports of the claimant . . . ." (Id.)

Dr. Gogna's opinion does in fact state that the finding that plaintiff is "unable to stand for more than a half hour at [a] time," is "[p]er the claimant's history." (Id. at 369.) An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999)). Here, the ALJ found that plaintiff was "not fully credible," and plaintiff has not challenged that finding. (Tr. at 22.)

Accordingly, the undersigned finds no error with respect to the ALJ's treatment of Dr. Gogna's opinion.

**2) Dr. G. Jansen**

Before the Appeals Council plaintiff also challenged the ALJ's treatment of the June 14, 2011 opinion of Dr. G. Jansen. (Pl.'s MSJ (ECF No. 19) at 14.) The ALJ's decision recounted Dr. Jansen's opinion, stating:

> Dr. Jansen opined the claimant could lift and/or carry twenty pounds occasionally and ten pounds frequently. She could stand and/or walk (with normal breaks) for a total of at least two hours in an eight hour workday. She can sit (with normal breaks) for a total of about six hours in an eight hour workday. She can occasionally

climb, balance, stoop, kneel, and crouch and crawl.

(Tr. at 24.)

The ALJ, however, found that "the evidence shows the claimant's care remained unchanged, her physical examinations unremarkable," and that plaintiff was able to "manage her symptoms with over the counter pain medications." (Id.) An ALJ may discount a physician's opinion if it is inconsistent with the plaintiff conservative treatment. See, e.g., Hanes v. Colvin, 651 Fed. Appx. 703, 705 (9th Cir. 2016) ("the ALJ reasonably relied on his findings regarding Hanes's daily activities, her conservative treatment, and her positive response to that treatment to conclude that the assessments of Dr. Hawkins and Dr. Pena were inconsistent with the objective evidence in the record"); Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ reasonably discounted a treating physician's opinion where conservative treatment was inconsistent with symptoms one would expect if claimant was disabled).

Moreover, Dr. Jansen was a nonexamining physician whose opinion contradicted the opinion of Dr. Gonga, an examining physician. In this regard, Dr. Gonga found that plaintiff could lift and carry fifty pounds occasionally, twenty five pounds frequently, and stand up to six hours a day. (Tr. at 23.) "The opinion of an examining physician is . . . entitled to greater weight than the opinion of a nonexamining physician."[5] Lester, 81 F.3d at 830.

Accordingly, the undersigned finds no error with respect to the ALJ's treatment of the opinion of Dr. Jansen.

**3) Dr. Elizabeth Beal**

Plaintiff also challenged before the Appeals Council the ALJ's treatment of the June 18, 2013 opinion provided by plaintiff's treating physician, Dr. Elizabeth Beal. (Pl.'s MSJ (ECF No. 19) at 14.) The ALJ's decision discussed Dr. Beal's opinion stating:

---

[5] Before the Appeals Council, plaintiff also asserted a vague and conclusory challenge to the ALJ's treatment of the November 14, 2011 opinion of Dr. E. L. Gilpeer. (Pl.'s MSJ (ECF No. 19) at 14.) Like Dr. Jansen, Dr. Gilpeer was a nonexamining physician. Moreover, plaintiff's challenge to the ALJ's treatment of Dr. Gilpeer's opinion is unclear. In this regard, to the extent the ALJ disagreed with Dr. Gilpeer's opinion, it was based on the ALJ's finding that plaintiff had "limitations in her postural activities" consistent with the ALJ's RFC determination. (Tr. at 24.) In this regard, it appears that the ALJ found that Dr. Gilpeer's opinion failed to capture all of plaintiff's limitations.

> Elizabeth Beal D.O. submitted a letter dated June 18, 2013, wherein Dr. Beal stated the claimant cannot stand on her feet for more than a half hour from June 17, 2013 until June 17, 2014.

(Tr. at 25.)

The ALJ's decision afforded Dr. Beal's opinion "little weight." (Id.) In this regard, the ALJ noted that the opinion was "inconsistent with evidence in the record," that plaintiff's level of care was "inconsistent, infrequent and unchanged," and that the opinion appeared to rely on plaintiff's own statements. (Id.) Perhaps most importantly, the ALJ noted that Dr. Beal's opinion, which is essentially little more than a sentence, included "no discussion of the findings which support the limitation." (Id.)

As noted above, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry, 688 F.3d at 671 (quoting Bray, 554 F.3d at 1228); see also Flores v. Colvin, 546 Fed. Appx. 638, 640 (9th Cir. 2013) ("The ALJ also properly rejected the opinion of Dr. Hearst because his opinion was brief, conclusory, and inadequately supported by clinical findings.").

Accordingly, the undersigned finds no error with respect to the ALJ's treatment of the opinion of Dr. Beal. Having found no error with respect to the ALJ's treatment of the medical opinion evidence, the undersigned recommends that plaintiff's claim be denied.

## B. Vocational Expert Testimony

Plaintiff argues that the Vocational Expert's ("VE") testimony "'tune[d] out' to the fact that the Plaintiff's pain and difficulty in remaining on her feet" would make it difficult to perform the Cashier job identified by the VE. (Pl.'s MSJ (ECF No. 19) at 5.) The ALJ did receive testimony from a VE at the June 20, 2013 hearing. (Tr. at 33.) Nonetheless, the ALJ's January 10, 2014 decision did not rely on the VE's testimony. Instead, the ALJ applied the Medical-Vocational Guidelines ("grids"). (Tr. at 26-27.)

At step five of the sequential evaluation, then ALJ can meet her burden by either taking the testimony of a VE or by referring to the grids. See Lounsburry v. Barnhart, 468 F.3d 1111, 1114-15 (9th Cir. 2006). The grids are an administrative tool, in table form, used to resolve

individual claims that fall into standardized patterns. The grids categorize jobs by their physical-exertional requirements (e.g., sedentary, light, and medium) and present various combinations of factors the ALJ must consider in determining the availability of work that the claimant can perform. See 20 C.F.R. pt. 404, subpt. P, App. 2. The factors include the claimant's Residual Functional Capacity, age, education, and work experience. 20 C.F.R. pt. 404, subpt. P, App. 2. For each combination, the grids direct a finding of either "disabled" or "not disabled." Id.

"[T]he A LJ may apply [the grids] in lieu of taking the testimony of a vocational expert only when the grids accurately and completely describe the claimant's abilities and limitations." Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5 (1983). However, the ALJ may rely on the grids even when a claimant has both exertional and non-exertional limitations, if the non-exertional limitations are not so significant as to impact the claimant's exertional capabilities. Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir.1988); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("the fact that a non-exertional limitation is alleged does not automatically preclude application of the grids."); Odle v. Heckler, 707 F.2d 439 (9th Cir. 1983) (requiring significant limitation on exertional capabilities in order to depart from the grids). The grids are inapplicable and a vocational expert is necessary only "[w]hen a claimant's non-exertional limitations are 'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitations." Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988).

Here, defendant notes that the ALJ's application of the grids resulted in an error. (Def.'s MSJ (ECF No. 20) at 12.) In this regard, the ALJ found that plaintiff was capable of performing medium work limited to occasional stooping. (Tr. at 20.) However, "'medium' jobs require more than occasional stooping . . . ." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001).

Nonetheless, as the defendant also notes, the ALJ's error was harmless. In this regard, occasional stooping is permitted in the sedentary and light work categories. See Loyha v. Astrue, No. CIV S-09-0038 GGH, 2010 WL 2737158, at *6 (E.D. Cal. July 12, 2010) ("Most light jobs require no crouching and only occasional (very little up to one third of the time) stooping."); see

also SSR 85-15, 1985 WL 56857, at *7 ("If a person can stoop occasionally (from very little up to one-third of the time) in order to lift objects, the sedentary and light occupational base is virtually intact.").

Accordingly, for the reasons stated above, the undersigned finds that plaintiff's claim should be denied.

**CONCLUSION**

The undersigned has found that plaintiff's motion for summary judgment should not be granted. Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this action.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 19) be denied;
2. Defendant's cross-motion for summary judgment (ECF No. 20) be granted; and
3. The decision of the Commissioner of Social Security be affirmed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 15, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\duran1607.f&rs